UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

KIM PATRICK and AG, a minor, by and
through his Parent and Next Friend,
KIM PATRICK,

    PLAINTIFF,

-against-

SUCCESS ACADEMY CHARTER SCHOOLS,
INC.; SUCCESS ACADEMY PROSPECT
HEIGHTS; SYDNEY SOLOMON in her
individual and official capacity as Principal of
Success Academy Prospect Heights; LAMAE
DE JONGH, in her individual and official
capacity as Managing Director of Schools
Success Academy Charter Schools; SAMUEL
COLE, in his individual and official capacity as
Board Chairperson, Success Academy Charter
Schools-NYC Board of Trustees; and
CATHERINE SHAINKER, in her individual and
official capacity as Board Member, Success
Academy Charter Schools-NYC Board of
Trustees,

    DEFENDANTS.

------------------------------------------------------------ x

CV17-6846

17 CIV. _____ (___)

DECLARATION OF
NANCY BEDARD,
ATTORNEY FOR PLAINTIFF

CHEN, J.

LEVY, M.J.

    I, NANCY BEDARD, declare the following under penalty of perjury and upon information and belief as follows:

1.    I am an attorney duly licensed to practice law in the Courts of the State of New York and in the Eastern District of New York.

2.    I am of counsel to BROOKLYN LEGAL SERVICES, 105 Court Street, 4th Floor, Brooklyn New York 11201, the attorneys for plaintiffs AG and KIM PATRICK, also known as KIM RICHARDSON, and as such I am fully familiar with all the facts and circumstances of this case.

3. I submit this declaration in support of the application by Plaintiffs for preliminary injunctive relief preventing Defendants from suspending and illegally barring AG from attending school, including the improper and unnecessary use of calls to EMS and 911, and the use of IAES placements for "special circumstances;" and directing Defendants to provide AG with the educational services he requires and comply with all rights afforded AG in accordance with the United States Constitution, the Americans with Disabilities Act (ADA), the Rehabilitation Act of 1973, the Individuals with Disabilities Education Act (IDEA), and the New York Constitution and New York laws, pending the determination of Plaintiffs' action for injunctive and declaratory relief.

4. This action arises out of Defendants' continuous discrimination and retaliation against AG, a seven-year-old student with a disability, by taking measures to pressure him to leave Success Academy Prospect Heights including subjecting him and his family to numerous, illegal suspensions, repeatedly calling his parents to pick him up at school or to stay at school with him, and removing him or threatening to remove him by ambulance to the hospital emergency room via Emergency Medical Services ("EMS") when no medical necessity existed.

5. Because of these violations AG has been denied educational access and services at Success Academy Prospect Heights. Therefore, AG has not received the education he is entitled to, and he continues to suffer irreparable harm to his educational and emotional development by being repeatedly suspended and illegally barred from attending school.

6. Only three (3) months into this school year, AG has already been excluded from school for over twenty (2) days without appropriate due process. AG and his parents remain at risk as the patterns and practices summarized above and described below persist because he currently attends Success Academy Prospect Heights.

7.  On February 14, 2017, soon after taking Ms. Patrick's case, I was attending a meeting with Ms. Patrick when Defendants' staff member Torcivia called her cell phone and threatened to call 911 if Ms. Patrick did not come to the school to take AG home, as he was having a tantrum.

8.  On or about February 16, 2017, Brooklyn Legal Services represented the parent at an MDR meeting for suspensions in January and early February. At this MDR meeting the team found that the behaviors that the student was suspended for were a manifestation of his disability, and determined that the student should return to school without serving any suspensions days. This was the first time the MDR team found AG was not required to be removed for any of the behaviors alleged in the Defendants' suspension notices, as they were a manifestation of his disability.

9.  On February 24, 2017, soon after the MDR meeting, Success Academy called EMS when the student exhibited tantruming behavior. According to the hospital records, AG was released the same day with no medical treatment required. As a result of the EMS transport, Ms. Patrick received a bill from NYC Health and Hospitals Corporation for $1,860.00.

10. In addition to having AG removed from school by EMS for the alleged behavior of February 24, 2017, Ms. Patrick received a letter from Defendants that evening informing her that her child had been suspended for the February 24, 2017 incident for forty-five (45) days.

11. Defendants alleged that the seven-year-old student had caused serious bodily injury and extreme pain by, *inter alia*, dragging the Assistant Principal down the hall by the hair while using the other hand to hit her, yanking a lanyard around the Assistant Principal's neck, kicking Defendant Solomon, and other behavior. The letter further stated that AG's behavior inflicted serious bodily injury and extreme physical pain upon the para. In the letter, Defendants stated

that because of this behavior AG would be removed to an Interim Alternative Education Setting (IAES) for forty-five (45) days.

12. As with all previous suspensions, Defendants offered AG's family no notice or opportunity for a hearing to contest the charge or any information about their due process rights.

13. Brooklyn Legal Services filed a request for an expedited Impartial Hearing under the IDEA and Section 504 challenging Defendants' actions as illegal, and asserting the allegations against AG were false and exaggerated. At the Impartial Hearing a medical report was introduced into evidence showing the Assistant Principal had gone to urgent care and was released with no medical treatment for any injuries required.

14. In a decision dated March 29, 2017, the Impartial Hearing Officer ("IHO") found that Defendants' failure to provide Ms. Patrick with notice and an opportunity for a suspension hearing was a plain violation of due process, but that he did not have jurisdiction to order a suspension hearing in the matter.

15. The IHO further found that, taken collectively, the allegations made by Defendants did not rise to the level of serious bodily injury as that term is defined in the law and ordered the Department of Education ("DOE"), the only respondent to the complaint, to take whatever steps were necessary to have AG immediately reinstated.

16. The IHO ordered that the DOE provide compensatory education and make up related services for every day AG was illegally barred from school by Defendants.

17. Success Academy is not a party to the IDEA administrative impartial hearing process and New York State Review Office appeal process, as they are not the local educational agency. No appeal of the Impartial Hearing decision was filed by DOE.

18. As a result of the Defendants' actions, AG missed a month of full-day instruction in his regular placement and essential Speech, OT, and counseling services.

19. While AG was excluded from school, Success Academy only provided two hours per day of alternate education in a public library with, upon information and belief, an unlicensed teacher.

20. Per the IHO's order, the student returned to Success Academy Prospect Heights School on March 31, 2017, having missed about twenty-four (24) days of school. The school's spring break began the next day.

21. On April 25, 2017, while Ms. Patrick and I were attending an MDR meeting for the April 2017 suspensions at the DOE, Success Academy staff member Torcivia called her cell phone during the meeting and told Ms. Patrick that Defendants had called EMS for her son due to tantruming behaviors.

22. Ms. Patrick ran out of the MDR meeting and went to Success Academy Prospect Heights in an attempt to avoid the EMS transport of her small child.

23. I spoke directly to the EMS worker on her behalf by telephone, and inquired as to the area of concern. The EMS worker said he would not take the student to the hospital and said he did not believe there was any legitimate reason to do so.

24. The MDR meeting continued in Ms. Patrick's absence. The MDR team found that the alleged behavior that led to the previous suspensions was a manifestation of AG's disability. AG was therefore allowed to return to school without serving the suspensions.

25. In May and June 2017 AG was suspended multiple times. However the MDR team ultimately found that the behaviors complained of were a manifestation of AG's disability and he did not serve those suspensions.

26. AG returned to school for the 2017-2018 school year at Success Academy Prospect Heights on August 16, 2017.

27. AG was suspended and excluded from school totaling seven days for suspensions on August 21, 24, and 31, 2017, due to behavioral deficits outlined in his IEP. No MDR was held, as he is not entitled to an MDR until excluded for 10 days.

28. Another suspension letter was received, dated September 13, 2017, stating that, *inter alia*, AG stabbed his para in the eye and the para was immediately transported to the hospital. The letter further stated that AG's behavior inflicted serious bodily injury and extreme physical pain upon the para. Defendants stated that because of this behavior AG should be removed to an IAES for twenty (20) days. The letter stated that a hearing had been scheduled to discuss the incident with the parent and determine whether the recommendation was appropriate.

29. On September 18, 2017, a hearing was held at Success Academy Prospect Heights. Ms. Patrick appeared at the hearing with Brooklyn Legal Services as counsel to dispute the charges.

30. Defendant de Jongh announced that the hearing was going to be "informal" and was only to assess if the twenty (20) day placement to the IAES was appropriate.

31. No oaths were taken prior to testimony being offered, and no verbatim record or recording of the hearing was maintained.

32. The para who was allegedly injured did not attend or testify at the hearing.

33. Defendants' first witness was the teacher, Dorothy Mape, who stated that she had not seen AG stab the para in the eye, but was in the classroom at the time it allegedly happened. She did not testify to seeing the para in extreme pain or to observing any injury. She testified that the para herself called 911 via cell phone after the incident.

34. Defendant Solomon stated that she entered the room after the alleged incident.

35. The school offered an index card into evidence that was handwritten and stated "AG stabbed para corner of eye with pencil, pull hair and punched face and chest with two fists." The index card was not dated, made no reference to when the incident happened, and according to Defendants was signed by the para, but written by the teacher.

36. Defendants offered no further witnesses or evidence, and presented no evidence regarding medical treatment or serious injury of any kind.

37. AG's father Gavin testified that he saw the para in the hall at the school shortly after the alleged incident and that she appeared fine.

38. Defendant de Jongh asked if twenty (20) days was a sufficient penalty and the teacher responded that it should be longer.

39. On September 20, 2017, parent's counsel received the decision by Defendant de Jongh, dated September 19, 2017. It stated that "after careful consideration of the findings described in the document attached, I have determined that the IAES was appropriate. Accordingly, your scholar will remain in the IAES for a total of 20 school days."

40. Attached to the decision was an "IAES Hearing Findings Sheet" with check boxes. The box for "Inflicted serious bodily injury upon another person:" was checked "yes." "Notes" handwritten directly below stated, "[s]cholar's behavior included punching the paraprofessional with two fists, slapping the paraprofessional in the face, pulling the paraprofessional's hair and either throwing a pencil or using pencil to stab the eye of the paraprofessional. In either case the paraprofessional sustained an injury which required medical care."

41. Plaintiffs' counsel requested a copy of the transcript of the suspension hearing from Defendants and no transcript was ever received. Defendants responded to the request stating that the Decision and IAES Hearing Findings Sheet was the entire record of the Hearing.

42. On September 21, 2017, the parent filed an Expedited Impartial Hearing Request under the IDEA, Section 504 and other applicable laws. The parent was seeking immediate reinstatement and compensatory education with related services for the duration of time AG was illegally barred from attending school. The hearing date set by the Impartial Hearing Office was for October 17, 2017 when the suspension would have been fully served, and the Request was subsequently withdrawn without prejudice.

43. On September 26, 2017, an MDR was held regarding the September 12, 2017 incident. Success Academy's staff and counsel, along with Ms. Patrick and counsel were present.

44. The teacher made a statement to the MDR team via telephone. She again stated that she did not witness the para being stabbed in the eye with a pencil. She stated she saw the student hit the para.

45. Success Academy told the MDR team that on the day of the incident, the para was released from the hospital immediately and was treated for a migraine.

46. The MDR team found that the behavior as alleged in the suspension notice was a manifestation of AG's disability and directed that AG be returned to school immediately. The MDR team noted that the Defendants failed to utilize de-escalation techniques.

47. On September 29, 2017, an internal appeal was filed with Defendant Cole, the Success Academy Board Chairperson, from Defendant de Jongh's September 19, 2017 decision. AG remained out of school during the appeal process, and no response was received until the suspension had been completely served.

48. On October 17, 2017, the internal appeal was decided and Defendant Shainker upheld the suspension. In the decision, among the reasons that Defendant upheld the suspension, was the

statement that Success Academy Prospect Heights was not required to comply with New York Education Law § 3214.

49. On October 17, 2017, the Impartial Hearing Request that had been withdrawn without prejudice was refiled. A hearing was scheduled for November 6, 2017.

50. On November 6, 2017 an Impartial Hearing was held. Brooklyn Legal Services represented Ms. Patrick at the Hearing. The Hearing Officer rendered a decision on November 14, 2017. The Hearing Officer found the appropriateness of both the suspension hearing held by Defendants and the suspension to an IAES to be outside his jurisdiction, and found that based on the record, it was highly unlikely that the standard of serious bodily injury was met.

51. On November 17, 2017 an IEP meeting was held. Ms. Patrick and her counsel were in attendance. The CSE team included Defendants' educators and the school psychologist. At the CSE meeting the team viewed four student observations and an independent recommendation from Kings County Hospital developmental clinic. The team decided that AG's placement of an ICT class should be maintained, but that his speech and language delays required one-on-one remediation twice a week with a therapist. The team also agreed a new BIP and FBA would be created.

52. Defendants' employees at the IEP meeting stated that they did not agree with the findings of the CSE team that AG could be educated in an ICT class. They stated they were adamantly opposed to the ICT placement, and asked the CSE team to change AG to a smaller setting that is not offered at Success Academy Prospect Heights. They expressly stated that they did not want AG to remain at the school.

53. That very afternoon, when AG's father went to pick him up from school, Defendants' employees told the parent that AG would not be allowed back to school on Monday. They gave

AG's father a letter dated November 17, 2017 stating that they had found a bedbug on AG's clothing and he would be barred from attending school until AG's parents had their home inspected, and if necessary treated, by an exterminator at their own expense and provided proof of such. The letter did not state how Defendants determined that they had found a bedbug, that the bedbug had originated in AG's home rather than at the school itself, or that the school would be inspected for bedbugs.

54. Upon information and belief, Ms. Patrick examined both of her children who attend Success Academy Prospect Heights and did a thorough search of her home. Her home examination of AG and his sibling, who also attends Success Academy Prospect Heights, showed no evidence of bugs of any kind, and her professional examination of her home showed no sign of bugs.

55. Ms. Patrick contends that Defendants, in retaliation against her and AG for her participating in the IEP meeting and providing independent evaluations and a recommendation per her IDEA rights, attempted to bar AG from attending school as part of their discriminatory behavior against AG in an effort to push him out of the school. Defendants' retaliatory and discriminatory intent is evidenced by the fact that they did not bar AG's sibling from attending school, even though she resides in the same home.

56. As Defendants maintain they are not obligated to abide by New York Education Law § 3214, the actions of Defendants against AG and Ms. Patrick are a pattern and practice of recurring violations that are likely to continue as long as the student attends Success Academy.

57. As Defendants are not a party to the IDEA Impartial Hearing and appeal process, it has not and cannot provide a remedy to Plaintiffs and exhaustion of the administrative Impartial Hearing process is futile. If preliminary relief is not granted, AG will suffer irreparable harm

from the Defendants' deprivation of his property interest in his education without due process of law. Defendants have engaged in a pattern and practice of denying AG his right to an appropriate public education by discriminating against him, harassing him, and repeatedly preventing him from attending school as guaranteed by law without cause, and in contravention of procedural and substantive requirements.

58. As set forth in the annexed complaint, Success Defendants repeatedly subjected AG, a first grade student, to multiple short-term suspensions the 2016-2017 school year and currently in the 2017-2018 school year. In total AG has been barred from school for over 70 days. While the 2017-2018 school year has only recently begun, Defendants have already barred AG from attending school for about 30 days to date. AG continues to be suspended by Defendants for behaviors identified in his IEP, BIP and FBA.

59. Accordingly, this Court should grant Plaintiffs Kim Patrick and AG the following relief pending disposition of this action: ordering Defendants to allow Plaintiff AG to immediately return to school; prohibiting Defendants from suspending AG for more than 10 days without a fair and impartial hearing pursuant to federal law and New York Education Law § 3214; prohibiting Defendants from suspending AG to an IAES for alleged infliction of serious bodily injury without sufficient proof; and prohibiting Defendants from continuing to engage in the unlawful, discriminatory conduct alleged in the annexed Complaint.

60. Plaintiff AG will continue to suffer irreparable harm each day that Defendants are not enjoined from discriminating against him and illegally depriving him of his property interest to attend school.

61. As set forth in more detail in the annexed memorandum of law, the Court should grant Plaintiffs' motion for a preliminary injunction because AG will suffer irreparable harm and be

illegally barred from attending school, Plaintiffs are able to illustrate a likelihood of success on the merits, and the balance of hardship tips decidedly in their favor.

62. AG and Kim Patrick have made no prior application for injunctive relief.

WHEREFORE, for all of the above reasons, your declarant respectfully request that Plaintiffs' motion be granted in all respects.

Dated: November 21, 2017
Brooklyn, New York

_____
NANCY BEDARD, ESQ.