October 17, 2017

Nancy Bedard
Brooklyn Legal Services
105 Court Street, 3rd Floor
Brooklyn, NY 11201

Dear Ms. Bedard,

I received your letter regarding the removal of ▮▮▮▮ first grade scholar at Success Academy Charter School - Prospect Heights ("SA Prospect Heights"), to an Interim Alternative Educational Setting ("IAES") for 20 days for engaging in the following behavior: stabbing his paraprofessional in the eye with a pencil; repeatedly punching his paraprofessional in the face and chest, using two closed fists; repeatedly slapping his paraprofessional in the face; and pulling his paraprofessional's hair. You request that ▮▮▮▮ removal to an IAES be reversed because you believe it violates state and federal laws and regulations. I have looked into the the matters you raised regarding that request, and the Board's determinations are below.

First, I want to address your factual assertions. In your letter, you state that the index card presented at ▮▮▮▮ September 18, 2017 hearing did not contain the name of ▮▮▮▮ paraprofessional. I have reviewed a copy of the index card presented at the hearing, which lists the various ways ▮▮▮▮ used his hands to harm his paraprofessional. The index card was signed by the paraprofessional, and includes her phone number below the signature. I believe it provides clear written evidence that ▮▮▮▮ stabbed his paraprofessional in the eye with a pencil.

You also state in your letter that ▮▮▮▮ father, Garvin ▮▮▮▮, testified that he personally saw no evidence of the paraprofessional's injury on September 12, 2017. You do not indicate that Mr. ▮▮▮▮ made any effort to evaluate the paraprofessional's injuries. Mr. ▮▮▮▮ observation of the paraprofessional as he rushed past her in the hallway on his way to ▮▮▮▮ must be balanced against the paraprofessional's written statement and the testimonies of ▮▮▮▮ principal, Sydney Solomon, and teacher, Dorothy Atkin-Mapes. On the whole, based on the information available to me, I believe the paraprofessional's eye was in fact injured by ▮▮▮▮ actions.

You also raise concerns with the Findings Sheet used to document the hearing and the Superintendent's findings. Specifically, you state that no discussion or explanation of the findings was offered. In reviewing the Findings Sheet, however, I see that the Superintendent noted that neither you nor your client denied ▮▮▮▮ actions. Without any evidence (other than Mr. ▮▮▮▮ passing observation of the paraprofessional as he went to meet ▮▮▮▮) to contest the allegation that ▮▮▮▮ stabbed, punched, slapped, and pulled his paraprofessional's hair, as shown by the oral testimony of ▮▮▮▮ principal and teacher and the note on the index

1

card, the Superintendent's discussion of the facts appears to accurately reflect the few disputed facts at issue.

I also want to address your legal arguments. SA Prospect Heights is not required to comply with the disciplinary hearing due process requirements outlined in New York State Education Law § 3214. The Charter Schools Act states that "[n]othing in this subsection shall affect *the requirements of compulsory education of minors* established by part one of article sixty-five of this chapter." N.Y. Educ. Law § 2854(b) (emphasis added). As § 3214 does not substantively address compulsory education requirements, charter schools are exempt from following those procedures. N.Y. Educ. Law § 2854(b) ("A charter school shall be exempt from all other state and local laws, rules, regulations or policies governing public or private schools . . . except as specifically provided in the school's charter or in this article.").

Even if § 3214 were applicable, SA Prospect Heights complied with all § 3214 requirements by providing proper notice and a fair hearing. You state that your client was not informed of her right to challenge the allegations. But the September 13, 2017 IAES placement notice specifically noted that "[y]ou and your scholar have the right to be represented by counsel at your expense, the right to question witnesses, and the right to present witnesses and other evidence." Also, while there is no requirement that SA Prospect Heights provide a witness or exhibit list ahead of the hearing, I understand that you requested and received both several days before the hearing.

Regarding the hearing itself, your appeal raises four specific objections. First, you object to certain testimony and documents on hearsay grounds. Hearsay, however, is admissible in a suspension hearing and may, on its own, constitute competent and substantial evidence to find that a scholar engaged in misconduct. *Matter of Bd. of Educ. of Monticello Cent. Sch. Dist. v. Comm'r of Educ.*, 91 N.Y.2d 133, 141 (1997); *see also Appeal of A Student Suspected of Having a Disability*, Comm'r's Decision No. 14,707 (Mar. 29, 2002), *available at* http://www.counsel.nysed.gov/Decisions/volume41/d14707. Second, you argue that the Board should reverse the suspension because SA Prospect Heights did not provide a verbatim record of the hearing. Even if it were applicable, N.Y. Educ. Law § 3214 is clear that no stenographic transcript is required and although it references a tape recording as being sufficient, it does not *require* that a tape recording be provided. Third, you claim that SA Prospect Heights failed to administer oaths at the hearing. While § 3214 mentions the hearing officer's power to administer oaths, it does not specify that oaths must actually be administered. Finally, you argue generally that the hearing did not comply with the Supreme Court's directives in *Goss v. Lopez*, 419 U.S. 565 (1975). SA Prospect Heights provided more than the notice and informal hearing requirements outlined in *Goss*, which explicitly does not require the procedures you raise in your letter. *Id.* at 583.

You also claim that SA Prospect Heights has expanded the definition of "serious bodily injury." But being stabbed in the eye with a pencil caused ▇▇▇▇ paraprofessional to sustain an injury which involves "extreme physical pain." In fact, she immediately called 911 and sought medical attention at an Emergency Care facility following the incident. *See* 18 U.S.C. § 1365(h)(3); 34

2

C.F.R. § 300.530(i)(3); *see also Appeal of a Student Expected of Having a Disability*, Comm'r's Decision No. 16,063 (May 10, 2010), *available at* http://www.counsel.nysed.gov/Decisions/volume49/d16063 (affirming placement in an IAES where student "intentionally push[ed] another student causing the need for medical attention at the hospital due to his physical injury.").

Finally, you argue that SA Prospect Heights failed to provide ▓ with alternative instruction in three previous suspensions, and that his current placement violates his right to FAPE. In each of ▓ suspension notice letters, your client was advised to contact the Main Office to schedule alternative instruction time. As SA Prospect Heights utilizes its regular educators to provide alternative instruction for short-term suspensions, families must contact the Main Office so that it can schedule a time that works for both the family and the school. I understand that your client did not request that the Main Office schedule alternative instruction for ▓ for any of those prior suspensions.

Regarding his current placement, ▓ receives two hours of instruction per day in his IAES, which is sufficient to provide substantially equivalent alternative education for students removed from the classroom. *See Appeal of V.E.*, Comm'r's Decision No. 14,985, (Nov. 19, 2003) ("[T]wo hours of alternative instruction fulfill[s] a district's obligation under the Education Law."), *available at* http://www.counsel.nysed.gov/Decisions/volume43/d14985. ▓ paraprofessional, counseling services, and speech and language services are each administered by the Committee on Special Education. SA Prospect Heights requested that those services be implemented by the CSE as soon as possible. To the extent you believe that ▓ right to FAPE has been violated, this claim must be brought before an Impartial Hearing Officer. 34 C.F.R. § 300.531; 34 C.F.R. § 300.532.

After careful review and consideration of your concerns, the Board has determined that ▓ removal to an IAES for causing his paraprofessional extreme physical pain when he stabbed her in the eye with a pencil, punched and slapped her in the head and chest, and pulled her hair, was appropriate. ▓ removal to an IAES will not be reversed.

School staff are committed to working with ▓ parents and you to address ▓ educational and behavioral needs. They truly have ▓ best interest at heart, and will continue to work to ensure that he receives the all of the special education services and supports available to him at SA Prospect Heights.

Sincerely,

*Catherine Shainker*
Catherine Shainker
Board Member, Success Academy Charter Schools - NYC