

**SUNY Charter Schools Institute**
The State University of New York

41 State Street, Suite 700
Albany, New York 12207

www.newyorkcharters.org

July 8, 2016

**Via Electronic Mail**

▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮
▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮

Re: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Dear ▮▮▮▮▮▮▮:

[body of letter redacted]

To Learn
To Search
To Serve



the Power of SUNY



    Complainant argues, based on Education Law § 2854(1), that the Act requires SACS-NYC comply with part 1 of article 65 of the Education Law, which includes all of Education Law § 3214 and its implementing regulations.  In relevant part, Education Law § 2854(1) reads as follows:

> 1. Applicability of other laws. (a) Notwithstanding any provision of law to the contrary, to the extent that any provision of this article [56 of the Education Law] is inconsistent with any other state or local law, rule or regulation, the provisions of this article shall govern and be controlling.

> (b) A charter school shall meet the same health and safety, civil rights, and student assessment requirements applicable to other public schools, except as otherwise specifically provided in this article. A charter school shall be exempt from all other state and local laws, rules, regulations or policies governing public or private schools, boards of education, school districts and political subdivisions, including those relating to school personnel and students, except as specifically provided in the school's charter or in this article. Nothing in this subdivision shall affect the requirements of compulsory education of minors established by part one of article sixty-five of this chapter.
>
> \*\*\*
>
> (e) A charter school shall be subject to the provisions of articles six and seven of the public officers law.
>
> (f) A charter school shall be subject to the provisions of sections eight hundred, eight hundred one, eight hundred two, eight hundred three, eight hundred four, eight hundred four-a, eight hundred five, eight hundred five-a, eight hundred five-b and eight hundred six of the general municipal law to the same extent such sections apply to school districts.

Complainant misreads the last sentence in § 2854(1)(b) to incorporate all of part one of article 65 of the Education Law into the requirements for charter schools. The key language is, "[n]othing in this subdivision shall affect *the requirements of compulsory education of minors established by* part one of article sixty-five," (emphasis added). What charter schools cannot do is disregard the provisions of part one of article 65 related to the compulsory education of minors. Charter schools do *not* have to follow all of the provisions of part one of article 65. Complainant's statutory interpretation arguments are belied by the construction of subdivisions (e) and (f) of § 2854(1), where the Legislature clearly stated that charter schools "shall be subject to" certain provisions of law. As the Legislature did not create that structure for part one of article 65 of the Education Law, the Institute declines to adopt the complainant's view.

In addition, Education Law § 2851(2)(h), which asks for "[t]he rules and procedures by which students may be disciplined, including but not limited to expulsion or suspension from the school, which shall be consistent with the requirements of due process and with federal laws and regulations governing the placement of students with disabilities," is in conflict with parts of § 3214. Other parts of part one of article 65 of the Education Law are also in conflict with the autonomy granted to charters in article 56. *See e.g.*, §§ 3204(2-a) –(3) (requiring bi-lingual education and other curriculum requirements).

Complainant's argument that Education Law § 3214 disciplinary procedures qualify as "civil rights" law for purposes of § 2854(1)(b), such that charter schools would have to follow them as "civil rights . . . requirements applicable to other public schools" similarly fails. The "civil rights" in § 2854(1)(b) are not defined in the statute. Looking to plain meaning of the language, the civil rights requirements applicable to charter schools are located in part one of article 65 in the first two sections, Education Law §§ 3201 and 3201-a, entitled "Discrimination on account of race, [etc.]," and "Discrimination on account of sex," respectively. Title VII of the Civil Rights Act of 1964, 42

U.S.C. § 2000e *et seq.*, and the New York Human Rights Law, Executive Law, art. 15, § 290 *et seq.*, provide the balance of civil rights laws charter schools must follow. Based on all of the foregoing, SACS-NYC's failure to follow the procedures in Education Law § 3214 (that no charter school must follow) does not make SACS-NYC liable for due process violations ███████████████;  ███████████████████.

███████████████████████████████████████████████████████████████████████████

Complainant argues that the alleged violation of one particular requirement of a district school hearing process contained in Education Law § 3214(3)(c), the requirement to "maintain" a "record of the hearing," equates to a violation of due process mandating the Institute overturn SACS-NYC's suspensions ███████. As we have established the procedures in § 3214 do not apply to charter schools, under federal due process analysis set forth in *Goss v. Lopez*, 419 U.S. 565, 583-84 (1975), the seminal case on educational due process, only the Student's ███████ required a full hearing. Complainant's argument does not affect the short-term suspensions.

███████████████████████ Complainant relies on *Ross v. Disare*, 500 F. Supp. 928 (S.D.N.Y. 1977), for the proposition that the lack of a verbatim record vitiated the student's due process rights. In *Ross*, however, the class action plaintiffs seeking an injunction relied solely on their New York state law claims and did not argue the federal due process claims, which the court did not decide. 500 F. Supp. at 931 ("Plaintiffs seek to enjoin these violations but rest, for the purposes of this motion, on their pendent state law claims, eschewing for the moment any constitutional claim they may have." (footnote omitted)). The Institute has found the state law inapplicable to charter schools (Allegation 1, above). Therefore, Complainant's argument fails and Complainant offers no other authority for the proposition that a lack of recording or verbatim record fatally violates due process. Another difference between *Ross* and Commissioner of Education decisions cited by the Complainant is that the New York statute in those cases mandated a review by the school district board of education. In the instant case, the appeal to the SACS-NYC board of trustees was not mandated by statute, but permissive. In reviewing *Goss v. Lopez*, moreover, the Institute found the discussion of what process is due for suspensions of 10 days or longer ███████████ does not include reference to a verbatim record.

███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

6





8

