UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KIM PATRICK, and AG, a minor, by and
through his Parent and Next Friend, KIM
PATRICK,

                                Plaintiffs,

        -against-

SUCCESS ACADEMY CHARTER SCHOOLS,        Civil Action No. 17-6846-PKC-RML
INC., and SUCCESS ACADEMY CHARTER
SCHOOLS - NYC,

                                Defendants.

**SUCCESS DEFENDANTS' ANSWER TO AMENDED COMPLAINT**

        Defendants Success Academy Charter Schools, Inc. and Success Academy Charter

Schools - NYC (collectively, "Success" or "Success Academy"), by and through their

undersigned counsel, file this Answer to the Amended Complaint, filed March 1, 2019 (the

"Complaint"), of Plaintiffs Kim Patrick, and AG, a minor, by and through his Parent and Next

Friend, Kim Patrick (collectively, "Plaintiffs"), and states the following:[1]

        1.      Success denies the allegations in Paragraph 1 of the Complaint.

        2.      Success denies the allegations in Paragraph 2 of the Complaint.

        3.      Success denies the allegations in Paragraph 3 of the Complaint.

        4.      Success states that the allegations in Paragraph 4 assert conclusions of law for

which no response is required and avers that Plaintiff Patrick's claims under the United States

---

[1] As the Court noted in its Memorandum and Order of December 14, 2018 (ECF No. 47), "Regrettably, Plaintiffs'
complaint and opposition brief are woefully unclear as to (1) the contours of Plaintiffs' claims, (2) which claims are
being brought against which Defendants, and (3) which claims are being brought by which Plaintiff." Mem. and
Order at p. 13. Although the Memorandum and Order referred to Plaintiffs' initial complaint, the Amended
Complaint and initial complaint are largely identical. Accordingly, Success Academy has done its best to answer
each and every allegation within the Complaint but reserves all rights to modify its Answer to the extent that any of
the Answer reflects a misunderstanding of Plaintiffs' allegations.

Constitution, many of Plaintiff A.G.'s claims under the United States Constitution, and all Plaintiffs' claims under the New York State Constitution and the New York State Education Law were dismissed.

5.      Success states that the allegations in Paragraph 5 assert conclusions of law for which no response is required.  To the extent a response is required, Success denies the allegations.

6.      Success states that the allegations in Paragraph 6 assert conclusions of law for which no response is required.  To the extent a response is required, Success denies the allegations.

7.      Success states that the allegations in Paragraph 7 assert conclusions of law for which no response is required.  To the extent a response is required, Success denies the allegations.

8.      Success states that the allegations in Paragraph 8 assert conclusions of law for which no response is required.

9.      Success states that it lacks knowledge or information to form a response as to the residence of A.G.  Success states that the remaining allegations in Paragraph 9 assert conclusions of law for which no response is required.  To the extent that a response is required, Success admits that A.G. has been deemed to qualify for special education support and denies the remaining allegations in Paragraph 9.

10.      Success states that it lacks knowledge or information to form a response to the allegations in Paragraph 10.

11.      Success admits that Success Academy Charter Schools, Inc. is a non-profit corporation organized under the laws of Delaware, that it manages a large network of charter

schools throughout New York City, that its principal place of business is located at 95 Pine Street, 6th Floor, New York, New York, and that it has received federal funding.  Success denies the remaining allegations in Paragraph 11.

12.     Success admits the allegations in Paragraph 12 of the Complaint.

13.     Success admits that Plaintiffs purport to seek a jury trial on each of their claims and avers that, as discussed throughout the Answer, some of Plaintiffs' claims have been dismissed.

14.     Success states that the allegations in Paragraph 14 assert conclusions of law for which no response is required.

15.     Success states that the allegations in Paragraph 15 assert conclusions of law for which no response is required.

16.     Success states that the allegations in Paragraph 16 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

17.     Success states that the allegations in Paragraph 17 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

18.     Success states that no response is required to the allegations in Paragraph 18 of the Complaint because this claim has been dismissed.

19.     Success states that the allegations in Paragraph 19 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 19 for its complete content.

20.    Success states that the allegations in Paragraph 20 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 20 for its complete content.

21.    Success states that the allegations in Paragraph 21 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 21 for its complete content.

22.    Success states that the allegations in Paragraph 22 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 22 for its complete content.

23.    Success states that the allegations in Paragraph 23 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 23 for its complete content.

24.    Success states that the allegations in Paragraph 24 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 24 for its complete content.

25.    Success states that the allegations in Paragraph 25 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 25 for its complete content.

26.    Success states that the allegations in Paragraph 26 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 26 for its complete content.

27.     Success states that the allegations in Paragraph 27 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 27 for its complete content.

28.     Success states that the allegations in Paragraph 28 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 28 for its complete content.

29.     Success states that the allegations in Paragraph 29 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 29 for its complete content.

30.     Success states that the allegations in Paragraph 30 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 30 for its complete content.

31.     Success states that the allegations in Paragraph 31 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 31 for its complete content.

32.     Success states that the allegations in Paragraph 32 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 32 for its complete content.

33.     Success states that the allegations in Paragraph 33 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 33 for its complete content.

34.     Success states that the allegations in Paragraph 34 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 34 for its complete content.

35.     Success states that the allegations in Paragraph 35 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 35 for its complete content.

36.     Success states that the allegations in Paragraph 36 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 36 for its complete content.

37.     Success states that the allegations in Paragraph 37 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 37 for its complete content.

38.     Success states that the allegations in Paragraph 38 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 38 for its complete content.  To the extent that a response is required, Success denies the allegations.

39.     Success states that the allegations in Paragraph 39 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 39 for its complete content.  To the extent that a response is required, Success denies the allegations.

40.     Success states that the allegations in Paragraph 40 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 40 for its complete content.

41.     Success states that the allegations in Paragraph 41 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 41 for its complete content.

42.     Success states that the allegations in Paragraph 42 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 42 for its complete content.

43.     Success states that the allegations in Paragraph 43 assert conclusions of law for which no response is required, and Success refers to the provision of law cited in Paragraph 43 for its complete content.

44.     Success states that no response is required to the allegations in Paragraph 44 of the Complaint because this claim has been dismissed.

45.     Success states that no response is required to the allegations in Paragraph 45 of the Complaint because this claim has been dismissed.

46.     Success states that no response is required to the allegations in Paragraph 46 of the Complaint because this claim has been dismissed.

47.     Success states that no response is required to the allegations in Paragraph 47 of the Complaint because this claim has been dismissed.

48.     Success states that no response is required to the allegations in Paragraph 48 of the Complaint because this claim has been dismissed.

49.     Success states that no response is required to the allegations in Paragraph 49 of the Complaint because this claim has been dismissed.

50.     Success states that no response is required to the allegations in Paragraph 50 of the Complaint because this claim has been dismissed.

51.     Success states that no response is required to the allegations in Paragraph 51 of the Complaint because this claim has been dismissed.

52.     Success states that no response is required to the allegations in Paragraph 52 of the Complaint because this claim has been dismissed.

53.     Success admits the allegations in Paragraph 53.

54.     Success admits the allegations in Paragraph 54.[2]

55.     Success admits the allegations in Paragraph 55.

56.     Success states that it lacks knowledge or information to form a response to the allegation that A.G. "had Beta-thalassemia" and that "AG has at all times been an individual with a disability and has a mental and physical impairment that substantially limits his major life activities, including but not limited to his ability to learn, speak and interact with others." Success admits that the remaining allegations in Paragraph 56 are reflected in A.G.'s IEP and refers to the IEP for its complete content.

57.     With respect to the allegations in Paragraph 57 concerning A.G.'s IEP, BIP, and FBA, Success refers to such documents for their content.  Success otherwise denies the allegations in Paragraph 57.

58.     Success denies the allegations in Paragraph 58 of the Complaint.

59.     Success denies the allegations in Paragraph 59 of the Complaint.

60.     Success denies the allegations in Paragraph 60 of the Complaint.

61.     Success states that it lacks knowledge or information to form a response as to allegations in Paragraph 61 concerning the reasons that Ms. Patrick asked to have AG re-

---

[2] Plaintiffs incorrectly refer to and define an IEP as an "Individualized Education Plan" instead of an "Individualized Education Program."  For purposes of this Answer, Success Academy will assume that all references to an IEP or an "Individualized Education Plan" are in fact references to an "Individualized Education Program."

evaluated and to have an IEP meeting.  Success admits the remaining allegations in Paragraph 61 of the Complaint.

62.     Success denies the allegations in Paragraph 62 of the Complaint.

63.     Success states that it lacks knowledge or information to form a response as to allegations in Paragraph 63 concerning the reasons that the New York City Department of Education Committee on Special Education -- an entity separate and distinct from Success Academy -- included particular supports and services on A.G.'s IEP.  Success admits the remaining allegations in Paragraph 63.

64.     Success denies the allegations in Paragraph 64 of the Complaint.

65.     Success denies the allegations in Paragraph 65 of the Complaint.

66.     Success denies the allegations in Paragraph 66 of the Complaint.

67.     Success states that it lacks knowledge or information to form a response to the allegations in Paragraph 67 concerning the date that Brooklyn Legal Services was retained.  To the extent that a response is required, Success denies the allegations in Paragraph 67.

68.     Success denies the allegations in Paragraph 68 of the Complaint.

69.     Success denies the allegations in Paragraph 69 of the Complaint.

70.     Success denies the allegations in Paragraph 70 of the Complaint.

71.     Success states that it lacks knowledge or information to form a response to the allegations in Paragraph 71 of the Complaint.

72.     Success states that it lacks knowledge or information to form a response to the allegations in Paragraph 72 of the Complaint.

73.     Success states that it lacks knowledge or information to form a response to the allegations in Paragraph 73 of the Complaint.

74.     Success states that it lacks knowledge or information to form a response to the allegations in Paragraph 74 of the Complaint.

75.     Success states that it lacks knowledge or information to form a response to the allegations in Paragraph 75 of the Complaint.

76.     Success denies the allegations in Paragraph 76 of the Complaint.

77.     With respect to Plaintiffs' allegations in Paragraph 77 concerning the content of a letter from Defendants, Success refers to the letter for its complete content.  To the extent that a response is otherwise required, Success denies the allegations in Paragraph 77 of the Complaint.

78.     Success denies the allegations in Paragraph 78 of the Complaint.

79.     Success admits the allegations in Paragraph 79 of the Complaint and avers that A.G. was offered make-up sessions for February 27, 28, and March 1, 2017.

80.     Success denies the allegations in Paragraph 80 of the Complaint.

81.     With respect to Plaintiffs' allegations in Paragraph 81 concerning the content of Brooklyn Legal Services' request for an expedited Impartial Hearing, the referenced document speaks for itself, and Success refers to the document for its content.

82.     With respect to Plaintiffs' allegations in Paragraph 82 concerning the content of a March 2017 decision of an Impartial Hearing Officer, the referenced document speaks for itself, and Success refers to the document for its content.

83.     With respect to Plaintiffs' allegations in Paragraph 83 concerning the content of a March 2017 decision of an Impartial Hearing Officer, the referenced document speaks for itself, and Success refers to the document for its content.

84.     With respect to Plaintiffs' allegations in Paragraph 84 concerning the content of a March 2017 decision of an Impartial Hearing Officer, the referenced document speaks for itself, and Success refers to the document for its content.

85.     Success denies the allegations in Paragraph 85 of the Complaint.

86.     Success admits the allegations in Paragraph 86 of the Complaint.

87.     Success denies the allegations in Paragraph 87 of the Complaint.

88.     Success denies the allegations in Paragraph 88 of the Complaint.

89.     Success denies the allegations in Paragraph 89 of the Complaint.

90.     Success denies the allegations in Paragraph 90 of the Complaint.

91.     Success denies the allegations in Paragraph 91 of the Complaint.

92.     Success states that it lacks knowledge or information to form a response to the allegations in Paragraph 92 of the Complaint.

93.     Success states that it lacks knowledge or information to form a response to the allegations in Paragraph 93 of the Complaint.

94.     Success denies the allegations in Paragraph 94 of the Complaint.

95.     Regarding Plaintiffs' allegations in Paragraph 95 concerning a decision by an MDR team, Success refers to the decision for its complete content.  To the extent that a response is required, Success admits the allegations in Paragraph 95.

96.     Success states that it lacks knowledge or information to form a response to the allegations in Paragraph 96 of the Complaint.

97.     Success denies the allegations in Paragraph 97 of the Complaint.

98.     Success admits the allegations in Paragraph 98 of the Complaint.

99.     Success denies the allegations in Paragraph 99 of the Complaint.

100.    Success denies the allegations in Paragraph 100 of the Complaint.

101.    Success denies the allegations in Paragraph 101 of the Complaint.

102.    Success denies the allegations in Paragraph 102 of the Complaint.

103.    Success denies the allegations in Paragraph 103 of the Complaint.

104.    Success admits the allegations in Paragraph 104 of the Complaint.

105.    Success denies the allegations in Paragraph 105 of the Complaint.

106.    Success admits the allegations in Paragraph 106 of the Complaint.

107.    Success denies the allegations in Paragraph 107 of the Complaint.

108.    Success admits the allegations in Paragraph 108 of the Complaint.

109.    Success admits the allegations in Paragraph 109 of the Complaint.

110.    Success denies the allegations in Paragraph 110 of the Complaint.

111.    Success admits the allegations in Paragraph 111 of the Complaint.

112.    With respect to Plaintiffs' allegations in Paragraph 112 concerning the content of an index card, the referenced document speaks for itself, and Success refers to the document for its content.  To the extent that a response is required, Success denies the allegations in Paragraph 112.

113.    Success denies the allegations in Paragraph 113 of the Complaint.

114.    Success admits the allegations in Paragraph 114 of the Complaint.

115.    Success admits the allegations in Paragraph 115 of the Complaint.

116.    With respect to Plaintiffs' allegations in Paragraph 116 concerning the content of a decision dated September 19, 2017, the referenced document speaks for itself, and Success refers to the document for its content.

117.     With respect to Plaintiffs' allegations in Paragraph 117 concerning the content of a document titled "IAES Hearings Fact Sheet," the referenced document speaks for itself, and Success refers to the document for its content.  To the extent that a response is required, Success denies the allegations in Paragraph 117.

118.     Success admits the allegations in Paragraph 118 of the Complaint and avers that A.G. was offered make-up sessions for all school days he missed from September 12 through September 20.

119.     With respect to Plaintiffs' allegations in Paragraph 119 concerning the content of an Expedited Impartial Hearing Request, the referenced document speaks for itself, and Success refers to the document for its content.  Success denies the remaining allegations in Paragraph 119.

120.     Success admits the allegations in Paragraph 120 of the Complaint.

121.     Success denies the allegations in Paragraph 121 of the Complaint.

122.     Success denies the allegations in Paragraph 122 of the Complaint.

123.     Success denies the allegations in Paragraph 123 of the Complaint.

124.     Success denies the allegations in Paragraph 124 of the Complaint.

125.     With respect to Plaintiffs' allegations in Paragraph 125 concerning the content of a September 29, 2017 letter, the referenced document speaks for itself, and Success refers to the document for its content.

126.     Success denies the allegations in Paragraph 126 of the Complaint.

127.     Success denies the allegations in Paragraph 127 of the Complaint.

128.     Success denies the allegations in Paragraph 128 of the Complaint.

129.     With respect to Plaintiffs' allegations in Paragraph 129 concerning the content of an Expedited Impartial Hearing Request and a response by an Impartial Hearing Officer, the referenced documents speak for themselves, and Success refers to the documents for their content.

130.     Success admits that an Impartial Hearing was held on November 6, 2017 and denies that a decision was issued on November 14, 2017.  With respect to Plaintiffs' allegations in Paragraph 130 concerning the content of November 2017 decision by an Impartial Hearing Officer, the referenced document speaks for itself, and Success refers to the document for its content.

131.     Success denies the allegations in Paragraph 131 of the Complaint.

132.     Success denies the allegations in Paragraph 132 of the Complaint.

133.     Success denies the allegations in Paragraph 133 of the Complaint.

134.     Regarding Plaintiffs' allegations in Paragraph 134 concerning the contents of a letter from Defendants to Plaintiffs, Success refers to the letter for its complete content.  To the extent that a response is required, Success denies the allegations in Paragraph 134 of the Complaint.

135.     Success states that it lacks knowledge or information to form a response to the allegations in Paragraph 135 of the Complaint.

136.     Success denies the allegations in Paragraph 136 of the Complaint.

137.     Success denies the allegations in Paragraph 137 of the Complaint.

138.     Success denies the allegations in Paragraph 138 of the Complaint.

139.     Success denies the allegations in Paragraph 139 of the Complaint.

140.    With respect to the allegations in Paragraph 140, Success repeats and incorporates by reference each and every response to the allegations in the preceding paragraphs.

141.    Success states that the allegations in Paragraph 141 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

142.    Success states that the allegations in Paragraph 142 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

143.    Success states that the allegations in Paragraph 143 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

144.    Success states that the allegations in Paragraph 144 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

145.    Success states that the allegations in Paragraph 145 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

146.    Success states that the allegations in Paragraph 146 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

147.    Success states that the allegations in Paragraph 147 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

148.    Success states that the allegations in Paragraph 148 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

149.    With respect to the allegations in Paragraph 149, Success repeats and incorporates by reference each and every response to the allegations in the preceding paragraphs.

150.    Success states that the allegations in Paragraph 150 assert conclusions of law for which no response is required.

151.    Success states that the allegations in Paragraph 151 assert conclusions of law for which no response is required.

152.    Success states that the allegations in Paragraph 152 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

153.    Success states that the allegations in Paragraph 153 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

154.    Success states that the allegations in Paragraph 154 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

155.    Success states that the allegations in Paragraph 155 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

156.     Success states that the allegations in Paragraph 156 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

157.     Success states that the allegations in Paragraph 157 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

158.     With respect to the allegations in Paragraph 158, Success repeats and incorporates by reference each and every response to the allegations in the preceding paragraphs.

159.     Success states that the allegations in Paragraph 159 assert conclusions of law for which no response is required.

160.     Success states that the allegations in Paragraph 160 assert conclusions of law for which no response is required.   With respect to Plaintiffs' allegations concerning the content of A.G.'s IEP, the referenced document speaks for itself, and Success refers to the document for its content.  To the extent that a response is required, Success denies the allegations.

161.     Success states that the allegations in Paragraph 161 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

162.     Success states that the allegations in Paragraph 162 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

163.     Success states that the allegations in Paragraph 163 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

164.     Success states that the allegations in Paragraph 164 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

165.     Success states that the allegations in Paragraph 165 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

166.     Success states that the allegations in Paragraph 166 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

167.     Success states that the allegations in Paragraph 167 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

168.     With respect to the allegations in Paragraph 168, Success repeats and incorporates by reference each and every response to the allegations in the preceding paragraphs.

169.     Success states that the allegations in Paragraph 169 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

170.     Success states that the allegations in Paragraph 170 assert conclusions of law for which no response is required.   To the extent that a response is required, Success denies the allegations.

171.     Success states that the allegations in Paragraph 171 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

172.     Success states that the allegations in Paragraph 172 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

173.     With respect to the allegations in Paragraph 173, Success repeats and incorporates by reference each and every response to the allegations in the preceding paragraphs.

174.     Success states that the allegations in Paragraph 174 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

175.     Success states that the allegations in Paragraph 175 assert conclusions of law for which no response is required.   With respect to Plaintiffs' allegations concerning the content of A.G.'s IEP, the referenced document speaks for itself, and Success refers to the document for its content.  To the extent that a response is required, Success denies the allegations.

176.     Success states that the allegations in Paragraph 176 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

177.     Success states that the allegations in Paragraph 177 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

178.     Success states that the allegations in Paragraph 178 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

179.     Success states that the allegations in Paragraph 179 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

180.     Success states that the allegations in Paragraph 180 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

181.     Success states that the allegations in Paragraph 181 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

182.     Success states that the allegations in Paragraph 182 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

183.     With respect to the allegations in Paragraph 183, Success repeats and incorporates by reference each and every response to the allegations in the preceding paragraphs.

184.     Success states that the allegations in Paragraph 184 assert conclusions of law for which no response is required.

185.     Success states that the allegations in Paragraph 185 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

186.     Success states that the allegations in Paragraph 186 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

187.     Success states that no response is required to the allegations in Paragraph 187 of the Complaint because this claim has been dismissed.

188.     Success states that no response is required to the allegations in Paragraph 188 of the Complaint because this claim has been dismissed.

189.     Success states that no response is required to the allegations in Paragraph 189 of the Complaint because this claim has been dismissed.

190.     Success states that no response is required to the allegations in Paragraph 190 of the Complaint because this claim has been dismissed.

191.     Success states that the allegations in Paragraph 191 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

192.     Success states that the allegations in Paragraph 192 assert conclusions of law for which no response is required.  To the extent that a response is required, Success denies the allegations.

## AFFIRMATIVE DEFENSES

Success has not knowingly and intentionally waived any applicable affirmative defenses and reserves the right to amend its answer and affirmative defenses to raise affirmative defenses in addition to those below as they become known to Success through discovery.

Success alleges the following affirmative defenses, without admission that it carries the burden of proof on any of the following:

### *FIRST AFFIRMATIVE DEFENSE*

Plaintiffs have failed to meet their burdens, including their burden of pleading a claim on which relief can be granted.

### *SECOND AFFIRMATIVE DEFENSE*

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations and laches.

### *THIRD AFFIRMATIVE DEFENSE*

Plaintiffs' claims are barred, in whole or in part, due to lack of subject matter jurisdiction.

### *FOURTH AFFIRMATIVE DEFENSE*

Plaintiffs' claims are barred, in whole or in part, under the doctrine of res judicata.

### *FIFTH AFFIRMATIVE DEFENSE*

Plaintiffs have failed to engage in mitigation of their damages.

### **DEMAND FOR RELIEF**

WHEREFORE, Success demands judgment:

1.      Dismissing the claims against it; and

2.      Awarding Success such other relief as the Court deems just and proper.

Dated: March 15, 2019                              Respectfully submitted,


By: */s/ Aaron M. Safane*

Aaron M. Safane
Robert L. Dunn
Halimah I. Famuyide

Success Academy Charter Schools, Inc.
95 Pine Street, Floor 6
New York, NY 10005
Tel: (347) 302-5974
Fax: (646) 961-4739
aaron.safane@successacademies.org
robert.dunn@successacademies.org
halimah.famuyide@successacademies.org

*Attorneys for Success Academy Charter Schools, Inc. and Success Academy Charter Schools - NYC*